DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Ottawa County Court of Common Pleas. Following a negotiated plea, the trial court found appellant, Paul Capone, guilty of one count of criminal nonsupport, a fifth degree felony in violation of R.C.2919.21, and one count of failure to appear, a fourth degree felony, in violation of R.C. 2937.29. The trial court sentenced appellant to 17 months incarceration on the nonsupport conviction and 11 months on a failure to appear conviction, with the sentences to run consecutively. On appeal, appellant sets forth the following single assignment of error:
 {¶ 2} "The sentences imposed upon the defendant were improper, excessive, and not supported by the evidence or the criteria required by statute to be considered at sentencing, and thus, the sentences are contrary to law."
 {¶ 3} The following undisputed facts are relevant to the issue raised on appeal. On May 27, 1999, appellant was ordered to pay monthly child support payments in the amount of $280.62 for the support of his minor child. During the first year following the court order, appellant complied. Appellant made his payments. Appellant ceased making payments during the summer of 2002. The Ottawa County Child Support Enforcement Agency has received no payments since 2002.
 {¶ 4} On August 11, 2003, appellant was indicted on four counts of criminal nonsupport, a fifth degree felony, in violation of R.C. 2919.21(A)(2). On September 4, 2003, appellant appeared before the trial court and requested that counsel be appointed. Appellant was found to be eligible for court-appointed counsel and an attorney was appointed.
 {¶ 5} On September 18, 2003, appellant was arraigned on the four counts of nonsupport. On September 25, 2003, appellant filed a motion for genetic paternity testing to be conducted. The motion was granted. Appellant failed to appear for the DNA test which he requested. On January 9, 2004, appellant failed to appear for a pretrial hearing. On January 22, 2004, appellant again failed to appear for the rescheduled pretrial hearing. On February 13, 2004, court-appointed counsel for appellant filed a written motion to withdraw from representation.
 {¶ 6} The motion in support of withdrawal emphasized appellant's complete lack of cooperation with his counsel and the court. The motion detailed appellant's multiple failures to appear for court hearings, his failure to appear for the genetic test, ordered at his request, and his ongoing failure to communicate or cooperate with his attorney. The motion to withdraw was granted. On February 17, 2004, appellant was indicted for failure to appear, a fourth degree felony, in violation of R.C. 2937.29.
 {¶ 7} Appellant was later convicted of an unrelated federal felony charge and sentenced to six months federal incarceration. Appellant was released from federal prison on or about August 31, 2004. Following his release, the trial court appointed new counsel to appellant to represent him on all pending state felony charges.
 {¶ 8} Substitute counsel for appellant negotiated a plea agreement in which appellant would plead guilty to one of the four pending felony criminal nonsupport charges and to the felony failure to appear charge. In exchange, the state agreed to dismiss the three remaining felony charges. On October 14, 2004, appellant pled guilty to the agreed upon felony charges. The other charges were dismissed. The matter was continued for a presentence investigation. The sentencing hearing was scheduled for a later date. The sentencing hearing was continued for three months at appellant's request. Appellant requested the extension to secure employment and secure money towards the child support arrearages he owed.
 {¶ 9} On April 7, 2005, appellant failed to appear for his sentencing hearing. On April 15, 2005, appellant was sentenced to serve 17 months incarceration for the criminal nonsupport conviction and 11 months incarceration for the failure to appear conviction. The trial court imposed consecutive sentences. Appellant filed the notice of appeal on May 9, 2005.
 {¶ 10} In his single assignment of error, appellant argues the trial court erred in imposing consecutive sentences. In support, appellant asserts the sentences were not supported by the evidence and were contrary to law. The deferential standard of review we apply in examining the legitimacy of a trial court's sentence is statutorily defined. An appellate court cannot disturb a trial court's sentence absent a showing by clear and convincing evidence that the disputed sentence is either unsupported by the record or is contrary to law. R.C.2953.08(G)(2).
 {¶ 11} Upon review of the record of proceedings in this case, we find the trial court did possess ample, credible evidence in support of its sentence. The trial court unambiguously stated at sentencing, "The court concludes that prison is consistent with the purposes and principles for sentencing, and the defendant is not amenable to any available community control sanctions precisely because you don't pay attention. If we were to sentence the defendant to the shortest term of prison available, it would demean the seriousness of his conduct. His history of nonpayment and failure, apathy to keep up with CSEA shows the defendant's likelihood of recidivism in a similar manner. Defendant should be considered a repeat offender. The court in considering consecutive sentences feels that those are necessary to protect the public and punish the offender and are not disproportionate to the seriousness of the offender's conduct, and the danger he poses to the public, the public being, again, the people that need his support. I further note the defendant was on federal probation when he committed these offenses. Defendant has no assets to speak of, so a fine would be inappropriate. * * * I find that this type of penalty is necessary to protect the public and punish the offender. It is not disproportionate to the seriousness of his conduct. I find that the crimes were committed while awaiting, while he was under sanction from the federal case."
 {¶ 12} The trial court articulated a multitude of evidentiary reasons in support of its sentencing. The trial court relied upon judicial fact-finding, formerly mandated by statute, but now deemed unconstitutional and void by the Supreme Court of Ohio. On that basis, appellant's assignment of error is well-taken.
 {¶ 13} The trial court sentencing in this case is impacted by the recent decision of the Supreme Court of Ohio in State v.Foster, ___ Ohio St.3d ___, 2006-Ohio-856. Foster held several of Ohio's sentencing statutes are unconstitutional for violating the Sixth Amendment to the United States Constitution in the manner set forth in Apprendi v. New Jersey (2000),530 U.S. 466, and Blakely v. Washington (2004), 542 U.S. 296.
 {¶ 14} Accordingly, this case must be remanded to the trial court for resentencing in compliance with Foster, supra, which established that a trial court is no longer required to make findings or give its reasons for imposing maximum, consecutive or greater than minimum sentences.
 {¶ 15} This court has reviewed the entire trial court record. The sentencing actions of the trial court relied upon now void sentencing statutes. Foster was released while this case was pending on direct review. As such, Foster dictates that appellant's sentence is void, must be vacated, and remanded for resentencing. Appellant must be resentenced by the trial court on the basis of non-severed sentencing statutes.
 {¶ 16} The judgment of the Ottawa County Court of Common Pleas is reversed. This case is remanded for resentencing in conformity with Foster. The State of Ohio is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Ottawa County.
JUDGMENT REVERSED AND REMANDED FOR RESENTENCING.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J. Pietrykowski, J. Parish, J. concur.